UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CUIPING ZHOU,<br><br>                    Plaintiff,<br><br>            -v.-<br><br>TCHH-DAYUP, INNIFER, SUMGOGO, NUER NEW, FOLIATES, EASYGOGO, BELSMI, XIYING, JUNTIANSHANGMAOYOUXIANGONGSI, and RUIMO,<br><br>                    Defendants. | 22 Civ. 6958 (KPF)<br><br>**PRELIMINARY INJUNCTION ORDER** |

KATHERINE POLK FAILLA, District Judge:

Upon the Declarations of Ruixin Lu, Declaration of Jiyuan Zhang, the documents and evidence attached thereto, and upon the pleadings and proceedings thus far in this action in support of Plaintiff's application for a preliminary injunction, the Court makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff Cuiping Zhou and her relatives have been developing, marketing, selling, licensing and distributing wallets under the "UTO" brand, a trademark registered with the United States Patent and Trademark Office ("USPTO").

2. Plaintiff is also the registered owner of the leaf shape wallet patent within U.S. Patent No. 927,179 S ("179 Patent"), which discloses a wallet opening design with a leaf shape.

3. Plaintiff began selling her patented wallet to consumers in 2018

1

through its authorized seller account on Amazon.com.

4. Since July 2019, Defendants have been manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, and offering through their Amazon Storefronts, the following wallet which infringes upon the 179 Patent. Defendants are not, nor have they ever been, authorized distributors or licensees of the 179 Patent.

5. Plaintiff has established that this Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules Section 302(a)(1) because Defendants operate Amazon Storefronts through which customers in New York State can, and have, purchased the infringing products.

6. Plaintiff has established a likelihood of success on its claim for patent infringement because it has shown that the accused products and disclosed designs are "substantially the same" in that "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *3 Bees & Me Inc.* v. *Besportble*, No. 20-CV-5150 (LJL), 2020 WL 7398764, at *2 (S.D.N.Y. Dec. 17, 2020) (quoting *Richardson* v. *Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010)).

7. As a result of Defendants' infringements, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless a preliminary injunction is granted, including loss of revenue that may never be recovered, loss of market share, price erosion, harm to reputation, and loss of significant marketing opportunities.

8. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with sales of its asserted leave shape patent wallets.

9. The public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to the 179 Patent, and to protect the public from being deceived and defrauded by Defendants' sales of inferior and infringing products.

10. The Court issued a Temporary Restraining Order against Defendants on October 14, 2022, making these same findings (the "TRO").

11. The Court ordered that Defendants serve any opposition to Plaintiff's motion for entry of a preliminary injunction by November 3, 2022, and appear for a hearing on Plaintiff's motion on November 17, 2022. (TRO ¶ II.B & October 26, 2022 Order Granting Extension of Time).

12. The Court ordered that Plaintiff serve the TRO by electronic means on Defendants following Amazon.com's identification of Defendants' user accounts and email addresses. (TRO §§ III.C; IV(B)).

13. Plaintiff served the Complaint, TRO, and all papers in support of the TRO on Defendants on November 2, 2022, by electronic means, which means was authorized under the TRO and which service was timely under the TRO since Amazon.com identified email addresses on October 31, 2022.

14. Defendant did not interpose any opposition to Plaintiff's motion by

November 3, 2022, did not appear for the show cause hearing for the preliminary injunction on November 17, 2022, or for any prior hearing dates, and has not given the Court any basis to remove any of the restraints against it that were ordered in the TRO.

15. Defendant DLseego has settled with Plaintiff.

16. Therefore, good cause exists for granting Plaintiff's motion for a preliminary injunction enjoining Defendants TCHH-DayUp, Innifer, SUMGOGO, NUER NEW, foliates, easygogo, Belsmi, Xiying, juntianshangmaoyouxiangongsi and RUIMO and any other persons who are in active concert or participation with Defendants who receives actual notice of this order by personal service or otherwise.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application for a Preliminary Injunction is hereby GRANTED as follows:

**I.  Preliminary Injunction Order**

**A.  IT IS HEREBY ORDERED**, as sufficient causes have been shown, Defendants TCHH-DayUp, Innifer, SUMGOGO, NUER NEW, foliates, easygogo, Belsmi, Xiying, juntianshangmaoyouxiangongsi and RUIMO are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the determination of this action, or until further order of the Court:

1. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, or selling or otherwise dealing in the Infringing Products;
2. Secreting, concealing, destroying, altering, selling off, transferring

       or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents, or any other records or evidence relating to their User Accounts, Internet Storefronts, or Defendants' Assets, and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of or otherwise dealing in the Infringing Products;

3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Internet Storefront, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

4. Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(l) through I(A)(3) above and I(B) below.

    **B.**    **IT IS HEREBY ORDERED**, as sufficient cause has been shown, that pursuant to Federal Rule of Civil Procedure 65(d)(2), any persons who are in active concert or participation with the Defendants identified in Paragraph (I)(A) above who receives actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from engaging in any of the foregoing acts or omissions pending the determination of this action, or until further order of the Court.

**II.**    **Order Requiring Service of the Preliminary Injunction.**

    **A.**    **IT IS FURTHER ORDERED** that service of this Preliminary Injunction by electronic means shall be made on all defendants within five (5)

days of entry of this Order by the Court.

**B.     IT IS FURTHER ORDERED** that service of this Preliminary Injunction on Amazon.com be made via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, and a PDF copy of this Preliminary Injunction via electronic mail to Davis Wright Tremaine LLP, counsel for Amazon.com, at prakritibhargava@dwt.com, AmazonTROs@dwt.com, and amazonsubpoenas@dwt.com.

SO ORDERED.

Dated:   November 17, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge