UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CUIPING ZHOU,

                Plaintiff,

-v.-

TCHH-DAYUP, INNIFER, SUMGOGO,
DLSEEGO, NUER NEW, FOLIATES,
EASYGOGO, BELSMI, XIYING,
JUNTIANSHANGMAOYOUXIANGONGSI,
and RUIMO,

                Defendants.

22 Civ. 6958 (KPF)

**SEALED ORDER**

KATHERINE POLK FAILLA, District Judge:

## TEMPORARY RESTRAINING ORDER

Upon the Declarations of Jiyuan Zhang, dated May 26, 2022, and

Cuiping Zhou, dated May 26, 2022, along with exhibits and other evidence

attached thereto, in support of Plaintiff's *ex parte* application for: (1) a

temporary restraining order; (2) an order to show cause why a preliminary

injunction should not issue; (3) an order authorizing alternative service and (4)

an order authorizing expedited discovery against Defendants and Amazon.com,

the Court makes the following findings of fact and conclusions of law:

## <u>FACTUAL FINDINGS & CONCLUSIONS OF LAW</u>

1.    Plaintiff Cuiping Zhou and her relatives have been developing, marketing,

      selling, licensing and distributing wallets under the "UTO" brand - a

      trademark registered with the United States Patent and Trademark Office

      ("USPTO").

2.    Plaintiff is also the registered owner of the leaf shape wallet patent within the U.S. Patent No. 927,179 S ("179 Patent"), which discloses a wallet opening design with leaf shape.

3.    Plaintiff began selling her patented wallet to consumers since April 2018 through its authorized seller account on Amazon.com.

4.    Since July 2019, Defendants have been manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering through their Amazon Storefronts, the following wallet which infringes upon the 179 Patent. Defendants are not, nor have they ever been, authorized distributors or licensees of the179 Patent.

5.    Plaintiff has established that this Court has personal jurisdiction over Defendants under Civil Practice Law and Rules Section 302(a)(1) because Defendants operate Amazon Storefronts through which customers in New York State can, and have, purchased the infringing products.

6.    Plaintiff has established a likelihood of success on its claim for patent infringement because it has shown that the accused products and disclosed designs are "substantially the same" in that "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Richardson* v. *Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

7.    As a result of Defendants' infringements, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted, including loss of revenue that may never be

recovered, loss of market share, price erosion, harm to reputation, and loss of significant marketing opportunities.

8.  The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with sales of its asserted leave shape patent wallets.

9.  The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to the 179 Patent, and to protect the public from being deceived and defrauded by Defendants' sales of inferior and infringing products.

10. If Defendants are given notice of this *ex parte* Application, they are likely to secret, conceal, transfer or otherwise dispose of their infringing products and the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of the infringing products.

11. Therefore, good cause exists for granting Plaintiff's request for an Order enjoining Defendants and other person who assist Defendants in importing, distributing, marketing, offering to sell, and selling the infringing leave shape patent wallets., including Amazon.com.

12. It typically takes Amazon.com, a minimum of five (5) days to comply with expedited requests for discovery. As such, the Court allows enough time for Plaintiff to serve the Amazon.com, with this Order, and for

Amazon.com, to comply with Paragraphs IV(B) and IV(C)(1) of this Order, respectively, before requiring service on Defendants.

13. If Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of the infringing products. Therefore, Plaintiff has good cause to be granted expedited discovery.

14. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants, comports with the requirements of due process, and will expedite notice to Defendants and expedite the relief requested by Plaintiff, particularly given Plaintiff's inability, despite a diligent effort, to locate accurate address information.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby GRANTED as follows:

## I. Temporary Restraining Order.

A.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in Paragraph (II)(A) below:

1.    Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling infringing products;

4

2.      Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Internet Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products;

3.      Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Internet Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

4.      Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(l) through I(A)(3) above and I(B) below.

B.      IT IS HEREBY ORDERED, as sufficient cause has been shown, that pursuant to Federal Rule of Civil Procedure 65(d)(2), any persons who are in active concert or participation with the Defendants identified in Paragraph (I)(A) above who receives actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a

preliminary injunction as referenced in Paragraph (A), or until further order of the Court:

     1.    Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

     2.    Knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(3) and I(B)(l) through I(B)(2) above and I(C)(1) below.

     C.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that Amazon.com is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in Paragraph (A) above, or until further order of the Court:

     1.    Within five (5) business days after receipt of such notice, providing services to Defendants' accounts and/or services used by Defendants to market, advertise, sell, and/or offer for sale any goods in conjunction with the Infringing Products.

**II.    Order to Show Cause Why a Preliminary Injunction Should Not Issue and Order of Notice.**

     A.    Defendants are hereby ORDERED to show cause before this Court in Courtroom 618 of the United States District Court for the Southern District of New York at 40 Foley Square, New York, New York on **October 27, 2022, at**

**10:30 a.m.**, or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

      B.    IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court by **October 24, 2022**, and served on Plaintiff's counsel by delivering copies thereof to the office of Zhonghao Law Frim, LLP, 21st FL IBM Tower, 590 Madison Ave., New York, NY 10022. Plaintiff shall file any Reply papers on or before **November 8, 2022**.

**III.**    **Order Authorizing Alternative Service by Electronic Means.**

      A.    IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if delivery is made of PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail addresses identified by Amazon.com, Inc. pursuant to Paragraph IV(B).

      B.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, and Amazon.com, through the pendency of this action.

      C.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made on Defendants within five (5) days of the Amazon.com' compliance with Paragraph IV(B) of this Order.

**IV.    Order Authorizing Expedited Discovery.**

A.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1.    Within fourteen (14) days after receiving service of this Order, each Defendant identified in Paragraph (I)(A) shall serve upon Plaintiff's counsel a written report under oath providing:

   a)    Their true name and physical address;

   b)    The name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Internet Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c)    The complete sales records for any and all sales of infringing products, including but not limited to number of units sold, the price per unit, total gross revenue received (in U.S. dollars) and the dates thereof;

   d)    The account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e)    The steps taken by each Defendant, or other person served to comply with Section 1, above.

2.    Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and

Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

3.    Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, Amazon.com, shall identify any and all of Defendants' User Accounts and Internet Storefronts, and provide Plaintiffs' counsel with a summary report containing account details for any and all User Accounts and Internet Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Internet Storefronts, contact information for Defendants (including, but not limited to, **mailing addresses and e-mail addresses**) and confirmation of said compliance with this Order.

C.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1.    Within fourteen (14) days of receipt of service of this Order, the Amazon. com shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants'

Internet Storefronts, including, but not limited to, documents and records relating to:

a)      Any and all User Accounts and Defendants' Internet Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Internet Storefronts that Defendants have ever had and/or currently maintain with the Amazon.com that were not previously provided pursuant to Paragraph IV(B);

b)      The identities, location and contact information, including any and all email addresses of Defendants that were not previously provided pursuant to Paragraph IV(B);

c)      The nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Internet Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Internet Storefronts; and

d)      Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of infringing products.

**V.     Security Bond.**

IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of Five Hundred Dollars ($500.00) with the Court which amount is determined to be adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

**VI.     Sealing Order.**

IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jiyuan Zhang and Cuiping Zhou in support thereof and exhibits attached thereto and this Order shall remain sealed until Amazon.com, complies with Paragraph I(A) of this Order.


SO ORDERED.

Dated:    October 14, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge